IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40996
Summary Calendar
_____

JEHAAD A.M.E SAAHIR,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:97-CV-680
- - - - - - - - - -

March 17, 1999

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:*

    Jehaad A.M.E. Saahir, Texas prisoner # 291515, seeks a certificate of appealability (COA) to appeal the denial of his application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  He also requests the appointment of counsel, which is DENIED.  He argues that the district court erred in dismissing his application for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

_____

    *  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A COA may be issued only if the prisoner has made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). However, in an appeal such as this one, in which the applicant challenges the district court's dismissal for a reason not of constitutional dimension, the petitioner must first make a credible showing that the district court erred. See Murphy v. Johnson, 110 F.3d 10, 11 (5th Cir. 1997)(applying the COA standard to nonconstitutional issue of exhaustion of state remedies). Only if a showing of error is made will the court then consider whether the petitioner has made a substantial showing of the denial of a constitutional right on the petitioner's habeas claims. Whitehead v. Johnson, 157 F.3d 384, 386 (5th Cir. 1998).

Saahir contended in his motion for relief from judgment in the district court and contends in his motion for a COA in this court that the mailroom on his unit erroneously reported to the district court that he had moved without giving a forwarding address, and he asserted that he was still housed on the same unit as when he filed this action. Although the district court's dismissal was without prejudice, it became effectively with prejudice due to the operation of the AEDPA's one-year statute of limitations provision contained in 28 U.S.C. § 2244(d)(1). There is no clear record of delay or contumacious conduct. The district court abused its discretion in dismissing Saahir's § 2254 application for want of prosecution. Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1191 (5th Cir. 1992).

We therefore GRANT a COA on the issue of the district court's dismissal for want of prosecution, and we vacate the judgment of the district court and remand this case to the district court for consideration of the merits of Saahir's habeas claims.  See Whitehead, 157 F.3d at 388.

COA GRANTED; JUDGMENT VACATED AND CASE REMANDED; MOTION FOR APPOINTMENT OF COUNSEL DENIED.